**Martha Said AHMED, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Martha Said Ahmed, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–70438, 045–71550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 19, 2008.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Senior Litigation Counsel, Siu P. Wong, Esquire, Trial, Corey Leigh Farrell, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Petitioner Marta Said Ahmed petitions this court for review of three orders of the Board of Immigration Appeals: (1) the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture, (2) the denial of her first motion to reopen for adjustment of status, and (3) the denial of her second motion to reopen for adjustment of status based on the ineffective assistance of her former counsel. All three petitions were consolidated before this court. We deny the first two petitions. We grant the third petition in a separate opinion.

## I. APPLICATION FOR ASYLUM, WITHHOLDING OF REMOVAL, AND RELIEF UNDER THE CONVENTION AGAINST TORTURE

Where "the BIA affirm[s] without opinion, this court directly reviews the immigration judge's decision as though it were the decision of the BIA." *Chete Juarez v. Ashcroft,* 376 F.3d 944, 947 (9th Cir.2004). The court must uphold factual findings of the IJ if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotations omitted). "To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it." *Id.* at 481 n. 1, 112 S.Ct. 812.

Persecution is "an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (internal quotation marks omitted). At oral argument,

by 9th Cir. R. 36–3.

Ahmed conceded that she was not subject to past persecution.

■ A well-founded fear of future persecution must be "objectively reasonable" and can be demonstrated by "adducing credible, direct, and specific evidence . . . that would support a reasonable fear." *Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000) (internal quotation marks omitted).

The acts targeting Ahmed's family, at best, make it probable that Ahmed may have fled in 1999 had she lived in Ethiopia at the time. The Immigration Judge, however, is also entitled to rely upon State Department reports. *Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002). The reports here indicated that, pursuant to a peace agreement, the Ethiopian government was no longer deporting Eritrean Ethiopians in 2001. Ahmed's belief that the Ethiopian Embassy would not recognize her citizenship is not persuasive, notwithstanding the sentence in the report that "Ethiopians of Eritrean origin have been able to obtain exit visas but often are not permitted to return." She contacted the embassy to inquire about renewing her passport only once, was vague as to the time of the call, could not remember the position of the person she spoke to, received no official position, and never sent her passport in the mail. This does not compel a finding that Ahmed had an objectively reasonable well-founded fear.

■ Because Ahmed failed to establish a well-founded fear, she has also failed to make the necessary showing for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

■ Finally, Ahmed presented no evidence that it is more likely than not that she will be tortured; her only claim is that she may be deported. This does not compel a finding that she qualifies for relief under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c)(2).

## II. AHMED'S FIRST MOTION TO RE-OPEN FOR ADJUSTMENT OF STATUS

This court "review[s] BIA rulings on motions to reopen . . . for abuse of discretion and reverse[s] only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005).

■ Ahmed did not address the merits of this petition in her brief. This issue is therefore waived. *See* Fed. R.App. P. 28(a)(6); *see also Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996). Even if it was not waived, the BIA did not abuse its discretion in concluding that it was untimely. *See* 8 C.F.R. § 1003.2(c)(2). **DENIED.**